UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO DARNELL MAYS,

          Plaintiff,

v.                                    Case No. 19-cv-231-pp

PAUL KEMPER,

          Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING AND DISMISSING COMPLAINT (DKT. NO. 1) AND ALLOWING PLAINITFF TO FILE AMENDED COMPLAINT**

      The plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his civil rights by subjecting him to unconstitutional conditions of confinement. This order resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, screens and dismisses the plaintiff's original complaint, dkt. no. 1, and allows the plaintiff to file an amended complaint that complies with the instructions below.

**I.    The plaintiff's motion to proceed without prepaying the filing fee (Dkt. No. 2)**

      The Prison Litigation Reform Act ("PLRA") applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The law lets a court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C.

1

§1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On February 27, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $16.50. Dkt. No. 5. The court received that fee on March 11, 2019. Therefore, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II.     Screening the plaintiff's complaint

The PLRA requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain enough facts, accepted as true, to state a claim "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the

2

United States and that whoever deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

    A.    Facts Alleged in the Complaint

On October 9, 2018, the plaintiff was housed at the Milwaukee Secure Detention Facility. Id. at 2. The plaintiff states that MSDF was an "inhumane environment" for the following reasons:

(1) no smoke alarms within the cells or dayrooms;
(2) no carbon monoxide detectors within the cells or dayrooms;
(3) no sprinklers in the cells;
(4) the cell door keeps jamming;
(5) the intercom speaker comes "in and out;"
(6) the shower water is so hard that it turns his black skin white;
(7) the sink smells like "sewage;"
(8) the vents have a lot of dust;
(9) there is no fresh air in the building;
(10) two-man cells are becoming three-man cells;
(11) not enough toilet paper;
(12) hot food is served cold;
(13) denial of access to the law library;
(14) the dayroom is very cold; and
(15) clothes are the wrong size and itchy.

Id. at 2-4.

For relief, the plaintiff seeks monetary damages. Id. at 4.

B.     Legal Analysis of Alleged Facts

The plaintiff's complaint, as it is currently written, fails to state a claim upon which relief can be granted. First, §1983 limits liability to public employees who are personally responsible for a constitutional violation. Burks v. Raemisch, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995) (quoting Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Id. (quoting Jones v. City of Chi., 856 F.2d 985, 992 (7th Cir. 1988)).

The plaintiff has not alleged that the one defendant he has sued, Paul Kemper, personally was responsible for any of the conditions he describes. It appears that he sued Kemper because Kemper was the warden at MSDF. But the doctrine of *respondeat superior* (supervisory liability) does not apply to cases filed under 42 U.S.C. §1983. See Burks, 555 F.3d at 593-94 ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). Because the plaintiff has not alleged any facts about what Kemper did or did not do to violate his constitutional rights, he has not stated a claim for relief against Kemper.

Second, the Eighth Amendment prohibits the states from subjecting prisoners to cruel and unusual punishment, but "extreme deprivations are required to make out a conditions-of-confinement claim." Giles v. Godinez, 914

4

F.3d 1040, 1051 (7th Cir. 2019). "The plaintiff must first establish an objective showing that the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety." Id. The plaintiff then must establish a subjective showing of a defendant's culpable state of mind. Id.

Conditions of confinement are judged in accordance with "contemporary standards of decency." Id. "If under contemporary standards the conditions cannot be said to be cruel and unusual, then they are not unconstitutional, and [t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id.

"[T]he aggregate effect of a multitude of individual conditions may constitute a violation even if each individual condition could not establish a violation standing on its own." Id. at 1052. This occurs, however, only when the conditions "have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." Id. "The core issue is whether the conditions deprived the plaintiff of a 'minimal civilized measure of life's necessities.'" Id.

Many of the conditions the plaintiff mentions in his complaint (such as having no smoke alarm in his cell; no carbon monoxide detector in his cell; no sprinklers in his cell; jamming doors; unclear intercom; "hard" water; smelly sink; dusty vents; musty air; and ill-fitting/uncomfortable clothing) do not deny him the minimal civilized measure of life's necessities, even when viewed

5

Case 2:19-cv-00231-PP   Filed 07/21/20   Page 5 of 9   Document 10

in the aggregate. As the Seventh Circuit has noted, inmates are not entitled to the "amenities, conveniences, and services of a good hotel," see Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988), and the conditions described above are inconveniences that many non-incarcerated individuals deal with daily in their homes and out in public.

Regarding the other conditions (overcrowding, lack of toilet paper, cold food and cold temperature), the plaintiff has not provided enough factual background to state a claim upon which relief can be granted. At a minimum, the plaintiff must identify who was responsible for each condition, the severity of each condition, the duration of each condition and the harm it caused. The plaintiff's depiction of his incarceration at MSDF as generally unpleasant is not enough to state an Eighth Amendment claim. Accordingly, the court will dismiss the plaintiff's original complaint without prejudice based on his failure to state a claim. Dkt. No. 1.

The court will, however, keep this case open and allow the plaintiff to file an amended complaint to address the deficiencies the court has identified. If the plaintiff files an amended complaint by the deadline the court sets below, the court will screen it under 28 U.S.C. §1915A. If the plaintiff does not file an amended complaint by the deadline, the court will dismiss the complaint on the next business day for failure to diligently prosecute it.

The court is enclosing a copy of its complaint form and instructions. The plaintiff should write the word "AMENDED" in front of the word "COMPLAINT" at the top of the first page, and then put the case number for this case—19-CV-

231—in the field for "Case Number." He must list all the defendants in the caption of the complaint. He must use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, he may use up to five additional sheets of paper (putting page numbers on each additional page).

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following question: 1) Who violated his constitutional rights?; 2) How did each person violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The plaintiff's complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did to violate the plaintiff's rights. The court is also including a copy of its guide, "Answers to Prisoner Litigants' Common Questions."

The plaintiff may voluntarily dismiss this case to avoid the possibility of incurring a strike under 28 U.S.C. §1915(g). To do that, he needs only write to the court and state that he wishes to dismiss the case.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$333.50** balance of the filing fee

7

by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court **DISMISSES** the plaintiff's complaint without prejudice based on his failure to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to receive it by the end of the day on **August 28, 2020**. If the plaintiff files an amended complaint in time for the court to receive it by that deadline, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive the amended complaint by that time, the court will dismiss the case without further notice or hearing on the next business day.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 21st day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**

9

Case 2:19-cv-00231-PP   Filed 07/21/20   Page 9 of 9   Document 10